**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**


| | |
|---|---|
| KENNETH M. KRASE, as Special Administrator for the ESTATE of DONALD KRASE,<br><br>        Plaintiff,<br><br>        v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA and OCÉ-USA HOLDINGS, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 11 C 7659<br>)<br>)<br>)<br>)<br>)<br>) |


<u>**MEMORANDUM OPINION**</u>

Before the court is the motion to compel of plaintiff Kenneth M. Krase as Special Administrator for the Estate of Donald Krase ("Krase"). For the reasons explained below, we grant Krase's motion.

<u>**BACKGROUND**</u>

We will assume that the reader is familiar with our opinion in <u>Krase v. Life Ins. Co. of North America</u>, No. 11 C 7659, 2012 WL 4483506 (N.D. Ill. Sept. 27, 2012), which discussed Krase's allegations in detail. But a brief recap will be helpful to understand the parties' current dispute. Donald Krase filed this lawsuit on behalf of his deceased wife, Sandra Hansen-Krase, pursuant to the Employee Retirement Income Security Act of 1974

("ERISA").[1]  Hansen-Krase was employed by Océ-USA Holdings, Inc. ("Océ") and, through her employment, was covered by a life insurance policy underwritten by defendant Life Insurance Company of North America ("LINA").  Krase alleges that Océ and LINA breached their obligation to notify Hansen-Krase that she was entitled to certain benefits and rights under the policy.[2]  The lack of notice caused Hansen-Krase's coverage to lapse before her death from pancreatic cancer in April 2009, which was the basis for Océ's and LINA's decision to deny Krase's claim for benefits.  In this lawsuit, Krase seeks to recover the benefits that he would have received as Hansen-Krase's beneficiary had the defendants provided the required notice.  See 29 U.S.C. § 1132(a)(1)(B).

## DISCUSSION

Krase has moved to compel LINA to produce four documents that LINA has withheld on grounds of attorney-client privilege, arguing that the documents fall within the "fiduciary exception" to the privilege.  "Under that exception, a fiduciary of an ERISA plan 'must make available to the beneficiary, upon request, any communications with an attorney that are intended to assist in the administration of the plan.'"  Bland v. Fiatallis N. Amer. Inc., 401 F.3d 779, 787 (7th Cir. 2005).  The exception does not apply to

---

[1]  Donald Krase died after filing this lawsuit and Kenneth M. Krase, as special administrator for his estate, was substituted as plaintiff.

[2]  Krase has since settled with Océ.

"[d]ecisions relating to the plan's amendment or termination," which are "not fiduciary decisions." Id. at 788.

## A. Whether the Fiduciary Exception Applies to Krase's Claim for Wrongful Denial of Benefits

LINA argues that the fiduciary exception does not apply because we dismissed Krase's § 1132(a)(3) claim for breach of fiduciary duty. (See LINA's Resp. at 6.) In Bland, the Court questioned whether the fiduciary exception was available because the plaintiffs had voluntarily dismissed their claims for breach of fiduciary duty with prejudice. See Bland, 401 F.3d at 787 ("Initially, it is questionable whether the fiduciary exception is even applicable, since the plaintiffs voluntarily dismissed their breach of fiduciary duty claim with prejudice, and thus should perhaps not get the benefit of the exception."). The Court's brief aside is pure dicta: it went on to hold that the exception did not apply because the attorney's advice related to a plan amendment and not to plan administration. Id. at 787-88. LINA has not cited, nor are we aware of, any case holding that the fiduciary exception is unavailable in a case for wrongful denial of benefits against an ERISA fiduciary. Morever, unlike the plaintiffs in Bland, Krase did not voluntarily abandon his § 1132(a)(3) claim. We dismissed that claim because we concluded that relief was available under 29 U.S.C. § 1132(a)(1)(B). See Krase, 2012 WL 4483506, *2; see also Mondry v. American Family Mut. Ins. Co., 557 F.3d 781, 805 (7th

Cir. 2009) ("[A] majority of the circuits are of the view that if relief is available to a plan participant under subsection (a)(1)(B), then that relief is *un* available under subsection (a)(3)."). At the same time, we said that Krase could pursue the same theory underlying his § 1132(a)(3) claim — namely, that LINA wrongfully failed to notify Hansen-Krase of certain policy provisions/benefits — under § 1132(a)(1)(B). See Krase, 2012 WL 4483506, *3; see also Zuckerman v. United of Omaha Life Ins. Co., No. 09-CV-4819, 2010 WL 2927694, *8 (N.D. Ill. July 21, 2010) ("Dismissal of [the plaintiff's subsection (a)(3) claim] does not foreclose Plaintiff from pursuing the theory that APP's misrepresentation prevented her from filing a timely claim for benefits (and that consequently a denial of LTD benefits on that basis was wrong)."). We do not believe that the fiduciary exception should depend on the label applied to the plaintiff's claim. We conclude that the fiduciary exception is available, provided that Krase can satisfy its prerequisites.

**B.    Whether LINA is an ERISA Fiduciary**

A party with discretion to grant or deny benefits is a fiduciary under ERISA. See Wachtel v. Health Net, Inc., 482 F.3d 225, 229-30 (3d Cir. 2007) (holding that an insurance company was an ERISA fiduciary because it had "discretion to determine claims covered by its policies") (citing Aetna Health Inc. v. Davila, 542 U.S. 200, 220 (2004)); see also Stephan v. Unum Life Ins. Co. of

<u>Amer.</u>, 697 F.3d 917, 932 (9th Cir. 2012) (similar).  LINA baldly states that it lacks such discretion, (<u>see</u> LINA Resp. at 6), but it does not cite any evidence or authority supporting its assertion. The insurance policy states that the "Plan Administrator" (presumably Océ) "has appointed [LINA] as the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals of denied claims." (Policy Number FLX 0961910, attached as Ex. A to Compl., at 40.)  LINA admits that it denied Krase's appeal of Océ's decision denying Krase's claim for benefits.  (<u>See</u> Am. Answer ¶ 20.)  Indeed, LINA's in-house counsel concluded that Océ had overstepped its authority by deciding Krase's claim in the first instance.  (<u>See</u> Email from M. Grimes to B. Miller et al., dated Aug. 3, 2011, ¶ 3.)  We conclude that LINA is an ERISA fiduciary.

## C.    Whether the Legal Advice Concerned Plan Administration

We have reviewed *in camera* the documents that LINA has withheld and conclude that they relate to plan administration.  <u>See</u> <u>Bland</u>, 401 F.3d at 787.  LINA argues that "the majority of the advice concerns LINA's relationship with Océ as opposed to Plaintiffs' claim for benefits."  (LINA's Resp. at 7.)  We disagree.  Nearly all of the advice provided by LINA's in-house counsel relates specifically to Krase's "Appeal Letter."  (<u>See</u> Email from M. Grimes to B. Miller et al., dated Aug. 3, 2011, ¶¶ 1, 4-9.)  The letter does discuss Océ, but those statements are also

couched in terms of Krase's claim: LINA's attorney disputed Océ's interpretation of the plan and its authority to "self-adjudicate" Krase's claim.   (See id. at ¶¶ 2-3.)  These are questions of plan administration — is Krase entitled to coverage, and who decides? — not plan "adoption, modification, or termination." Wachtel, 482 F.3d at 233; see also Bland, 401 F.3d at 788.[3]

## D.    Whether the Fiduciary Exception Applies to Insurers

There is a split of authority about whether the fiduciary exception applies when an insurance company, acting as an ERISA fiduciary, asserts the attorney-client privilege.  LINA relies on the Third Circuit's decision in Wachtel v. Health Net, Inc., 482 F.3d 225 (3d Cir. 2007), which held that the fiduciary exception does not apply to insurers.  The Wachtel court identified two commonly-cited rationales for the exception drawn from trust law: (1) the trust beneficiary, and not the trustee, is the attorney's "real" client; and (2) the trustee has a duty to disclose information to beneficiaries that trumps the attorney-client privilege.  Id. at 232; see also id. at 233 ("[F]iduciary duties under ERISA 'draw much of their content from the law of trusts, the law that governed most benefit plans before ERISA's enactment.'")

_____

[3]   Also, by ignoring Krase's argument that the advice was not provided with a view towards eventual litigation (see Krase Mot. at 5-6), LINA effectively concedes the point.  See Lewis v. UNUM Corp. Severance Plan, 203 F.R.D. 615, 620 (D. Kan. 2001) ("Because denying benefits to a beneficiary is as much a part of the administration of a plan as conferring benefits to a beneficiary, the prospect of post-decisional litigation against the plan is an insufficient basis for gainsaying the fiduciary exception to the attorney-client privilege."); Geissal v. Moore Medical Corp., 192 F.R.D. 620, 625 (E.D. Mo. 2000) (similar).

(quoting <u>Varity Corp. v. Howe</u>, 516 U.S. 489 (1996)).  The court concluded that the first rationale did not apply to insurers because they do not manage trust assets.  <u>Id.</u> at 234.  They pay benefits, and pay for legal advice, from their own assets.  <u>Id.</u> According to the court, this also undermined the second rationale as applied to insurers.  ERISA does not require insurers to hold their assets in trust.  <u>Id.</u> at 236; <u>see also</u> 29 U.S.C. 1103(b)(a) & (b) (providing that plan assets must be held in trust, but creating an exception for insurance polies and the insurer's own assets).  So, the court reasoned, there was "no reason to impose trustee-like disclosure obligations upon an entity excepted from ERISA's analogy to trust."  <u>Id.</u> at 236.  The court also concluded that the need for the privilege was strong because "the fiduciary obligations of insurers who contract with ERISA plans are not well-settled at law."  <u>Id.</u> at 237.  Given this uncertainty, applying the fiduciary exception could have a chilling effect on attorney-client relationships and could cause insurers to "cease providing insurance for benefit plans altogether."  <u>Id.</u>

Krase relies on the Ninth Circuit's decision in <u>Stephan v. Unum Life Ins. Co. of Amer.</u>, 697 F.3d 917 (9th Cir. 2012), which rejected <u>Wachtel</u> and observed that district courts had uniformly done the same.  <u>Id.</u> at 931 n.6 ("Every district court that has considered the question since . . . has rejected <u>Wachtel</u>'s approach and held that the fiduciary exemption does apply to insurance companies."); <u>see also</u> <u>Smith v. Jefferson Pilot Financial Ins. Co.</u>,

245 F.R.D. 45, 49-53 (D. Mass. 2007) (analyzing and disputing each step of the Wachtel court's analysis). The Stephan court focused primarily on the ERISA fiduciary's duty "to disclose all information regarding plan administration." Id. at 931; see 29 C.F.R. § 2560.503-1(h)(2)(iii) (to ensure a "full and fair review," the beneficiary is entitled to "all documents, records, and other information relevant to the claimant's claim for benefits"). "Neither the statute nor the regulations provide any reason why the disclosure of information is any less important where an insurer, rather than a trustee or other ERISA fiduciary, is the decisionmaker." Id. at 932; see also Klein v. Northwestern Mut. Life Ins. Co., 806 F.Supp.2d 1120, 1130 (S.D. Cal. 2011) ("[T]here is no reason to assume that Congress intended to exempt insurance companies from the disclosure obligations of ERISA simply because it exempted them from the requirement to hold plan assets in trust."). Likewise, the court concluded that "the obligation that an ERISA fiduciary act in the interest of the plan beneficiary does not differ depending on whether that fiduciary is a trustee or an insurer." Id.

We agree with the reasoning in Stephan, Smith, and Klein and conclude that the fiduciary exception applies to insurers in ERISA cases. The Wachtel court relied heavily on the fact that insurers pay benefits from their own assets, and not from assets held in trust for beneficiaries. But all ERISA fiduciaries are subject to the same disclosure obligations. See Stephan, 697 F.3d at 931

("The duty of an ERISA fiduciary to disclose all information regarding plan administration applies equally to insurance companies as to trustees."); Smith, 245 F.R.D. at 51 ("[T]he Wachtel court pointed to nothing in the statute or in its implementing regulations relating to disclosure that would exempt insurance companies from any of ERISA's disclosure requirements or otherwise distinguishes between types of fiduciaries for purposes of disclosure."). And all ERISA fiduciaries must "discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C.A. § 1104. So, the substantive duties that are most relevant to the fiduciary-exception apply equally to insurance companies and other ERISA fiduciaries. We think that this weighs more heavily in the balance than an insurance company's control over its own assets. Cf. Varity, 516 U.S. at 497 ("[W]e believe that the law of trusts often will inform, but will not necessarily determine the outcome of, an effort to interpret ERISA's fiduciary duties."). Also, we agree with the court in Smith that the Wachtel court overstated the potential risks of applying the fiduciary exception to insurers in ERISA cases:

> Knowing that the fiduciary exception will apply to an insurer's communications with counsel will give the insurer as much certainty as a holding to the contrary. In addition, there is nothing in the record before this court to indicate that the insurance company will run away from the business of providing coverage under ERISA plans because it must disclose information concerning how it reached benefit decisions.

_Smith_, 245 F.R.D. at 53.  As we discussed earlier in this opinion, the fiduciary exception does not eliminate the attorney-client privilege entirely.  It applies only to advice regarding plan administration and must give way after the insurer's and the beneficiary's interests have diverged.  See _Wachtel_, 482 F.3d at 233-34.  We believe that the exception is sufficiently clear and circumscribed to ameliorate the chilling effect that concerned the _Wachtel_ court.

## CONCLUSION

Krase's motion to compel [53] is granted.  LINA is ordered to turn over the documents identified on its privilege log to Krase by July 22, 2013.


DATE:    July 18, 2013


ENTER:    _____

John F. Grady, United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH M. KRASE, as Special Administrator for the ESTATE of DONALD KRASE, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 7659 |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA and OCÉ-USA HOLDINGS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Before the court is the motion to compel of plaintiff Kenneth M. Krase as Special Administrator for the Estate of Donald Krase ("Krase").  For the reasons explained below, we grant Krase's motion.

**BACKGROUND**

We will assume that the reader is familiar with our opinion in Krase v. Life Ins. Co. of North America, No. 11 C 7659, 2012 WL 4483506 (N.D. Ill. Sept. 27, 2012), which discussed Krase's allegations in detail.  But a brief recap will be helpful to understand the parties' current dispute.  Donald Krase filed this lawsuit on behalf of his deceased wife, Sandra Hansen-Krase, pursuant to the Employee Retirement Income Security Act of 1974

("ERISA").[1]  Hansen-Krase was employed by Océ-USA Holdings, Inc. ("Océ") and, through her employment, was covered by a life insurance policy underwritten by defendant Life Insurance Company of North America ("LINA").  Krase alleges that Océ and LINA breached their obligation to notify Hansen-Krase that she was entitled to certain benefits and rights under the policy.[2]  The lack of notice caused Hansen-Krase's coverage to lapse before her death from pancreatic cancer in April 2009, which was the basis for Océ's and LINA's decision to deny Krase's claim for benefits.  In this lawsuit, Krase seeks to recover the benefits that he would have received as Hansen-Krase's beneficiary had the defendants provided the required notice.  See 29 U.S.C. § 1132(a)(1)(B).

## DISCUSSION

Krase has moved to compel LINA to produce four documents that LINA has withheld on grounds of attorney-client privilege, arguing that the documents fall within the "fiduciary exception" to the privilege.  "Under that exception, a fiduciary of an ERISA plan 'must make available to the beneficiary, upon request, any communications with an attorney that are intended to assist in the administration of the plan.'"  Bland v. Fiatallis N. Amer. Inc., 401 F.3d 779, 787 (7th Cir. 2005).  The exception does not apply to

---

[1]  Donald Krase died after filing this lawsuit and Kenneth M. Krase, as special administrator for his estate, was substituted as plaintiff.

[2]  Krase has since settled with Océ.

"[d]ecisions relating to the plan's amendment or termination," which are "not fiduciary decisions." Id. at 788.

## A. Whether the Fiduciary Exception Applies to Krase's Claim for Wrongful Denial of Benefits

LINA argues that the fiduciary exception does not apply because we dismissed Krase's § 1132(a)(3) claim for breach of fiduciary duty. (See LINA's Resp. at 6.) In Bland, the Court questioned whether the fiduciary exception was available because the plaintiffs had voluntarily dismissed their claims for breach of fiduciary duty with prejudice. See Bland, 401 F.3d at 787 ("Initially, it is questionable whether the fiduciary exception is even applicable, since the plaintiffs voluntarily dismissed their breach of fiduciary duty claim with prejudice, and thus should perhaps not get the benefit of the exception."). The Court's brief aside is pure dicta: it went on to hold that the exception did not apply because the attorney's advice related to a plan amendment and not to plan administration. Id. at 787-88. LINA has not cited, nor are we aware of, any case holding that the fiduciary exception is unavailable in a case for wrongful denial of benefits against an ERISA fiduciary. Morever, unlike the plaintiffs in Bland, Krase did not voluntarily abandon his § 1132(a)(3) claim. We dismissed that claim because we concluded that relief was available under 29 U.S.C. § 1132(a)(1)(B). See Krase, 2012 WL 4483506, *2; see also Mondry v. American Family Mut. Ins. Co., 557 F.3d 781, 805 (7th

Cir. 2009) ("[A] majority of the circuits are of the view that if relief is available to a plan participant under subsection (a)(1)(B), then that relief is *un* available under subsection (a)(3)."). At the same time, we said that Krase could pursue the same theory underlying his § 1132(a)(3) claim — namely, that LINA wrongfully failed to notify Hansen-Krase of certain policy provisions/benefits — under § 1132(a)(1)(B). See Krase, 2012 WL 4483506, *3; see also Zuckerman v. United of Omaha Life Ins. Co., No. 09-CV-4819, 2010 WL 2927694, *8 (N.D. Ill. July 21, 2010) ("Dismissal of [the plaintiff's subsection (a)(3) claim] does not foreclose Plaintiff from pursuing the theory that APP's misrepresentation prevented her from filing a timely claim for benefits (and that consequently a denial of LTD benefits on that basis was wrong)."). We do not believe that the fiduciary exception should depend on the label applied to the plaintiff's claim. We conclude that the fiduciary exception is available, provided that Krase can satisfy its prerequisites.

**B.   Whether LINA is an ERISA Fiduciary**

A party with discretion to grant or deny benefits is a fiduciary under ERISA. See Wachtel v. Health Net, Inc., 482 F.3d 225, 229-30 (3d Cir. 2007) (holding that an insurance company was an ERISA fiduciary because it had "discretion to determine claims covered by its policies") (citing Aetna Health Inc. v. Davila, 542 U.S. 200, 220 (2004)); see also Stephan v. Unum Life Ins. Co. of

Amer., 697 F.3d 917, 932 (9th Cir. 2012) (similar).  LINA baldly
states that it lacks such discretion, (see LINA Resp. at 6), but it
does not cite any evidence or authority supporting its assertion.
The insurance policy states that the "Plan Administrator"
(presumably Océ) "has appointed [LINA] as the named fiduciary for
deciding claims for benefits under the Plan, and for deciding any
appeals of denied claims." (Policy Number FLX 0961910, attached as
Ex. A to Compl., at 40.)  LINA admits that it denied Krase's appeal
of Océ's decision denying Krase's claim for benefits.  (See Am.
Answer ¶ 20.)  Indeed, LINA's in-house counsel concluded that Océ
had overstepped its authority by deciding Krase's claim in the
first instance.  (See Email from M. Grimes to B. Miller et al.,
dated Aug. 3, 2011, ¶ 3.)  We conclude that LINA is an ERISA
fiduciary.

**C.    Whether the Legal Advice Concerned Plan Administration**

We have reviewed *in camera* the documents that LINA has
withheld and conclude that they relate to plan administration.  See
Bland, 401 F.3d at 787.  LINA argues that "the majority of the
advice concerns LINA's relationship with Océ as opposed to
Plaintiffs' claim for benefits."  (LINA's Resp. at 7.)  We
disagree.  Nearly all of the advice provided by LINA's in-house
counsel relates specifically to Krase's "Appeal Letter." (See
Email from M. Grimes to B. Miller et al., dated Aug. 3, 2011, ¶¶ 1,
4-9.)  The letter does discuss Océ, but those statements are also

couched in terms of Krase's claim: LINA's attorney disputed Océ's interpretation of the plan and its authority to "self-adjudicate" Krase's claim.  (<u>See</u> <u>id.</u> at ¶¶ 2-3.)  These are questions of plan administration — is Krase entitled to coverage, and who decides? — not plan "adoption, modification, or termination."  <u>Wachtel</u>, 482 F.3d at 233; <u>see also</u> <u>Bland</u>, 401 F.3d at 788.[3]

## D.  **Whether the Fiduciary Exception Applies to Insurers**

There is a split of authority about whether the fiduciary exception applies when an insurance company, acting as an ERISA fiduciary, asserts the attorney-client privilege.  LINA relies on the Third Circuit's decision in <u>Wachtel v. Health Net, Inc.</u>, 482 F.3d 225 (3d Cir. 2007), which held that the fiduciary exception does not apply to insurers.  The <u>Wachtel</u> court identified two commonly-cited rationales for the exception drawn from trust law: (1) the trust beneficiary, and not the trustee, is the attorney's "real" client; and (2) the trustee has a duty to disclose information to beneficiaries that trumps the attorney-client privilege.  <u>Id.</u> at 232; <u>see also</u> <u>id.</u> at 233 ("[F]iduciary duties under ERISA 'draw much of their content from the law of trusts, the law that governed most benefit plans before ERISA's enactment.'")

---

[3]  Also, by ignoring Krase's argument that the advice was not provided with a view towards eventual litigation (<u>see</u> Krase Mot. at 5-6), LINA effectively concedes the point.  <u>See</u> <u>Lewis v. UNUM Corp. Severance Plan</u>, 203 F.R.D. 615, 620 (D. Kan. 2001) ("Because denying benefits to a beneficiary is as much a part of the administration of a plan as conferring benefits to a beneficiary, the prospect of post-decisional litigation against the plan is an insufficient basis for gainsaying the fiduciary exception to the attorney-client privilege."); <u>Geissal v. Moore Medical Corp.</u>, 192 F.R.D. 620, 625 (E.D. Mo. 2000) (similar).

(quoting <u>Varity Corp. v. Howe</u>, 516 U.S. 489 (1996)).  The court concluded that the first rationale did not apply to insurers because they do not manage trust assets.  <u>Id.</u> at 234.  They pay benefits, and pay for legal advice, from their own assets.  <u>Id.</u> According to the court, this also undermined the second rationale as applied to insurers.  ERISA does not require insurers to hold their assets in trust.  <u>Id.</u> at 236; <u>see also</u> 29 U.S.C. 1103(b)(a) & (b) (providing that plan assets must be held in trust, but creating an exception for insurance polies and the insurer's own assets).  So, the court reasoned, there was "no reason to impose trustee-like disclosure obligations upon an entity excepted from ERISA's analogy to trust."  <u>Id.</u> at 236.  The court also concluded that the need for the privilege was strong because "the fiduciary obligations of insurers who contract with ERISA plans are not well-settled at law."  <u>Id.</u> at 237.  Given this uncertainty, applying the fiduciary exception could have a chilling effect on attorney-client relationships and could cause insurers to "cease providing insurance for benefit plans altogether."  <u>Id.</u>

    Krase relies on the Ninth Circuit's decision in <u>Stephan v. Unum Life Ins. Co. of Amer.</u>, 697 F.3d 917 (9th Cir. 2012), which rejected <u>Wachtel</u> and observed that district courts had uniformly done the same.  <u>Id.</u> at 931 n.6 ("Every district court that has considered the question since . . . has rejected <u>Wachtel</u>'s approach and held that the fiduciary exemption does apply to insurance companies."); <u>see also</u> <u>Smith v. Jefferson Pilot Financial Ins. Co.</u>,

245 F.R.D. 45, 49-53 (D. Mass. 2007) (analyzing and disputing each step of the Wachtel court's analysis). The Stephan court focused primarily on the ERISA fiduciary's duty "to disclose all information regarding plan administration." Id. at 931; see 29 C.F.R. § 2560.503-1(h)(2)(iii) (to ensure a "full and fair review," the beneficiary is entitled to "all documents, records, and other information relevant to the claimant's claim for benefits"). "Neither the statute nor the regulations provide any reason why the disclosure of information is any less important where an insurer, rather than a trustee or other ERISA fiduciary, is the decisionmaker." Id. at 932; see also Klein v. Northwestern Mut. Life Ins. Co., 806 F.Supp.2d 1120, 1130 (S.D. Cal. 2011) ("[T]here is no reason to assume that Congress intended to exempt insurance companies from the disclosure obligations of ERISA simply because it exempted them from the requirement to hold plan assets in trust."). Likewise, the court concluded that "the obligation that an ERISA fiduciary act in the interest of the plan beneficiary does not differ depending on whether that fiduciary is a trustee or an insurer." Id.

We agree with the reasoning in Stephan, Smith, and Klein and conclude that the fiduciary exception applies to insurers in ERISA cases. The Wachtel court relied heavily on the fact that insurers pay benefits from their own assets, and not from assets held in trust for beneficiaries. But all ERISA fiduciaries are subject to the same disclosure obligations. See Stephan, 697 F.3d at 931

("The duty of an ERISA fiduciary to disclose all information regarding plan administration applies equally to insurance companies as to trustees."); <u>Smith</u>, 245 F.R.D. at 51 ("[T]he <u>Wachtel</u> court pointed to nothing in the statute or in its implementing regulations relating to disclosure that would exempt insurance companies from any of ERISA's disclosure requirements or otherwise distinguishes between types of fiduciaries for purposes of disclosure."). And all ERISA fiduciaries must "discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C.A. § 1104. So, the substantive duties that are most relevant to the fiduciary-exception apply equally to insurance companies and other ERISA fiduciaries. We think that this weighs more heavily in the balance than an insurance company's control over its own assets. <u>Cf.</u> <u>Varity</u>, 516 U.S. at 497 ("[W]e believe that the law of trusts often will inform, but will not necessarily determine the outcome of, an effort to interpret ERISA's fiduciary duties."). Also, we agree with the court in <u>Smith</u> that the <u>Wachtel</u> court overstated the potential risks of applying the fiduciary exception to insurers in ERISA cases:

> Knowing that the fiduciary exception will apply to an insurer's communications with counsel will give the insurer as much certainty as a holding to the contrary. In addition, there is nothing in the record before this court to indicate that the insurance company will run away from the business of providing coverage under ERISA plans because it must disclose information concerning how it reached benefit decisions.

Smith, 245 F.R.D. at 53.  As we discussed earlier in this opinion, the fiduciary exception does not eliminate the attorney-client privilege entirely.  It applies only to advice regarding plan administration and must give way after the insurer's and the beneficiary's interests have diverged.  See Wachtel, 482 F.3d at 233-34.  We believe that the exception is sufficiently clear and circumscribed to ameliorate the chilling effect that concerned the Wachtel court.

### CONCLUSION

Krase's motion to compel [53] is granted.  LINA is ordered to turn over the documents identified on its privilege log to Krase by July 22, 2013.


DATE:     July 18, 2013


ENTER:    _____

          John F. Grady, United States District Judge